UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TAMEEKA BAKER,

                Plaintiff,

                                                                                       VERIFIED
                                                                                        COMPLAINT
        -against-                                                       AND DEMAND FOR
                                                                                        A JURY TRIAL

THE CITY OF NEW YORK &
N.Y.C. POLICE DETECTIVE
JOSEPH FRANCO and "JOHN DOE (1)-(3)",
SUED INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITY,

                Defendants.

------------------------------------------------------------X

    1. This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, and violation of New York State law, by reason of the unlawful acts of defendants.

## JURISDICTION

    2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

    3. Plaintiff is a resident of New York City, New York County, State of New York.

    4. At all times hereinafter mentioned, the Defendant Police Officer was an employee of the New York City Police Department (HEREINAFTER REFERRED TO AS

"N.Y.P.D.") acting within the scope and authority of his employment. He issued individually and in his official capacity as a New York City Police Officer.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

FACTS

9. On or about June 15, 2017, at approximately 2:30 P.M., plaintiff was sitting on a bench outside of 280 Madison Street, New York, New York

10. At that time, a New York City police officer attempted to buy crack cocaine from another individual ("target", who apparently told the undercover officer to wait outside.

11. The target then engaged in a conversation with plaintiff, and the two of them entered 280 Madison Street.

12. A few minutes later, the target exited the building and sold the undercover crack cocaine.

13. Plaintiff also exited the building and resumed sitting on the bench.

14. Moments later, plaintiff was arrested by Defendant police officers and charged with the B felony of Criminal sale of a Controlled Substance in the 3rd Degree, based upon her alleged participation in the sale by the target to the undercover officer.

15. Plaintiff was searched incident to her arrest and the police recovered seven (7) small bags of crack cocaine from her person. Plaintiff was also charged with Criminal Possession of narcotics.

16. Plaintiff was indicted by a grand jury for these charges based upon false testimony in the grand jury by defendant officers, including but not limited to the false testimony by Detective Franco that he had personally observed plaintiff give drugs to the target inside of 280 Madison Street.

17. In December, 2017, plaintiff pleaded guilty to the felony of Attempted Criminal Sale of a Controlled Substance and was sentenced to 4 years in state prison.

18. Approximately 10 months later it was determined by the New York County District attorney's Office that Detective Franco had testified falsely in the grand jury about his observations, concluding that it was impossible for him to see the transfer of drugs from plaintiff to the target based upon his location outside the building and the video surveillance footage from inside the building which indicated that no transfer took place in the vestibule as testified to by Detective Franco.

19. On November 18, 2018, the conviction of plaintiff was vacated at the People's request, all charges were dismissed, and plaintiff was released from prison.

20. Plaintiff spent approximately 1 year and 5 months in custody before she was released.

21. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D.

knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

22. Defendant City and N.Y.P.D. knew or should have known that prior to this arrest date, the perpetration of unlawful arrests, commission of other unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of Defendants officers was occurring, in that there were reports of such unlawful conduct by these specific officers

23. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

24. On January 7, 2019, a Notice of Claim was served upon the Defendant New York City, setting forth:

    a) The name and post office address of the Claimant and his attorney;
    b) The nature of the claim;
    c) The time when, the place where, and the manner in which the claim arose;
    d) The items of damages and injuries sustained so far as practicable.

25. The Notice of Claim was served upon the Defendant within 90 days after Plaintiff's cause of action accrued.

26. Plaitiff's 50-H deposition was conducted on March 8, 2019.

27. New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

28. This action has been commenced within one year and 90 days after Plaintiff's cause of action accrued.

29. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

FOR A FIRST CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS
(Invasion of Privacy)

30. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

31. As a result of their actions, Defendants, under "color of law", deprived plaintiff of her right to freedom from deprivation of liberty without due process of law in that her seizure was based upon a violation of her right to privacy and the search was conducted in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

32. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

33. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of her physical liberty.

FOR A SECOND CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS
(Federal Malicious Prosecution)

34. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

35. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of her civil rights in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

36. Defendants falsely filled out police paperwork, falsely related information to the prosecutors, and falsely testified in the grand jury which constituted the malicious prosecution of plaintiff.

37. The defendants lacked a lawful basis to charge plaintiff with Criminal sale of a Controlled Substance, and their false reporting, both inside and outside of the Grand Jury, led to plaintiff's deprivation of liberty for a significant amount of time.

38. Absent the false testimony the defendant would have either suffered no incarceration or very limited incarceration, amounting to a few days at most, for the possession of seven (7) bags of cocaine, which very easily could have been for personal use, and would have resulted in a misdemeanor conviction, at most.

39. Of course, most importantly, absent the false allegations provided by Defendant Franco, plaintiff would not have even been stopped, frisked and arrested on this date.

40. Defendants subjected Plaintiff to these deprivations of these rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by their actions.

41. As a result of the aforesaid occurrence, plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

THIRD CAUSE OF ACTION
<u>FOR VIOLATION OF CIVIL RIGHTS</u>
(Monell Claim)

42. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

43. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their

domain, and Plaintiffs, violating Plaintiffs' rights to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

44. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiff's injuries.

**FOURTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION**

45. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

46. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

47. As a result of said malicious prosecution, plaintiff was compelled to come to court. On or about November 8, 2018, all charges were dismissed.

48. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages.

**FIFTH CAUSE OF ACTION FOR ABUSE OF PROCESS**

49. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

50. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, abused the criminal process without reasonable or

probable cause and with full knowledge that the charges were false.

51. As a result of said abuse of process, plaintiff was compelled to come to court. On or about November 8, 2018, all charges were dismissed.

52. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages.

### **SIXTH CAUSE OF ACTION FOR UNLAWFUL IMPRISONMENT**

53. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

54. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, caused plaintiff's unlawful imprisonment without reasonable or probable cause and with full knowledge that the imprisonment was unlawful.

55. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of Two Million ($2,000,000.00) Dollars; and,

4. Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       January 22, 2020

**RESPECTFULLY,**

/s/

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325Broadway, Suite 505
New York 10007
(212) 941-8330
(SH-0585)