UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TAMEEKA BAKER

       Plaintiff,

                     **ANSWER TO COMPLAINT**
                       **BY DEFENDANT**
                       **JOSEPH FRANCO**

  -against-                  20-CV-00589 (JMF)

THE CITY OF NEW YORK, & NYC POLICE DETECTIVE  **Jury Trial Demanded**
JOSEPH FRANCO and "JOHN DOE (1)-(3)", SUED
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITY,

             Defendants.
------------------------------------------------------------------------X

   Defendant Joseph Franco, by his attorney, Tanner & Ortega, LLP, for his Answer to the Complaint filed on January 22, 2020, respectfully alleges, upon information and belief, as follows:

   1.  Denies the allegations asserted in paragraph "1" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

   2.  Denies the allegations asserted in paragraph "2" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of the Court as stated therein and purports to base venue as stated therein.

   3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "3" of the Complaint.

   4.  Admits the allegations asserted in paragraph "4" of the Complaint.

   5.  Admits the allegations asserted in paragraph "5" of the Complaint.

   6.  Admits the allegations asserted in paragraph "6" of the Complaint.

1

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "7" of the Complaint.

8. Denies the allegations asserted in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "14" of the Complaint, except admits that Plaintiff was arrested for, inter *alia*, criminal sale of a controlled substance in the 3rd Degree.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "15" of the Complaint, except admits that narcotics were recovered from Plaintiff's person.

16. Denies the allegations asserted in paragraph "16" of the Complaint, except admits that Plaintiff was indicted by a grand jury.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "17" of the Complaint, except admits that Plaintiff pleaded guilty to charges arising from her arrest and indictment.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "18" of the Complaint and further denies that Det. Franco testified falsely in the Grand Jury.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "19" of the Complaint, except admits that Plaintiff's conviction was later vacated and Plaintiff was subsequently released from custody.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "22" of the Complaint and further denies perpetrating unlawful arrest, unlawful acts or the use of excessive force.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "27" of the Complaint.

28. Denies the allegations asserted in paragraph "28" of the Complaint, except admits that a Complaint was filed on or about January 22, 2020.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "29" of the Complaint.

30. In response to paragraph "30" of the Complaint Defendant repeats and realleges each of the foregoing responses as though fully asserted herein.

31. Denies the allegations asserted in paragraph "31" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are pled against defendant The City of New York or any unidentified John Doe defendants.

32. Denies the allegations asserted in paragraph "32" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are pled against defendant City of New York or any unidentified John Doe defendants.

33. In response to paragraph "33" of the Complaint, Defendant Franco repeats and realleges each of the foregoing responses as though fully asserted herein.

34. Denies the allegations asserted in paragraph "34" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to

form a belief as to the truth of the allegations to the extent that the allegations are pled against defendant The City of New York or any unidentified John Doe defendants.

35. Denies the allegations asserted in paragraph "35" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are pled against defendant The City of New York or any unidentified John Doe defendants.

36. Denies the allegations asserted in paragraph "36" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are pled against defendant The City of New York or any unidentified John Doe defendants.

37. Denies the allegations asserted in paragraph "37" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are plead against defendant The City of New York or any unidentified John Doe defendants.

38. Denies the allegations asserted in paragraph "38" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are plead against defendant The City of New York or any unidentified John Doe defendants.

39. Denies the allegations asserted in paragraph "39" of the Complaint.

40. Denies the allegations asserted in paragraph "40" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are plead against defendant The City of New York or any unidentified John Doe defendants.

41. Denies the allegations asserted in paragraph "41" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are plead against defendant The City of New York or any unidentified John Doe defendants.

42. In response to paragraph "42" of the Complaint, Defendant Franco repeats and realleges each of the foregoing responses as though fully asserted herein.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "43" of the Complaint.

44. Denies the allegations asserted in paragraph "44" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are plead against defendant The City of New York or any unidentified John Doe defendants.

45. In response to paragraph "45" of the Complaint, Defendant Franco repeats and realleges each of the foregoing responses as though fully asserted herein.

46. Denies the allegations asserted in paragraph "46" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are plead against defendant The City of New York or any unidentified John Doe defendants.

47. Denies the allegations asserted in paragraph "47" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are plead against defendant The City of New York or any unidentified John Doe defendants.

48. Denies the allegations asserted in paragraph "48" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are plead against defendant The City of New York or any unidentified John Doe defendants.

49. In response to paragraph "49" of the Complaint, Defendant Franco repeats and realleges each of the foregoing responses as though fully asserted herein.

50. Denies the allegations asserted in paragraph "50" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are plead against defendant The City of New York or any unidentified John Doe defendants.

51. Denies the allegations asserted in paragraph "51" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are plead against defendant The City of New York or any unidentified John Doe defendants.

52. Denies the allegations asserted in paragraph "52" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are plead against defendant The City of New York or any unidentified John Doe defendants.

53. In response to paragraph "53" of the Complaint, Defendant Franco repeats and realleges each of the foregoing responses as though fully asserted herein.

54. Denies the allegations asserted in paragraph "54" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to

form a belief as to the truth of the allegations to the extent that the allegations are plead against defendant The City of New York or any unidentified John Doe defendants.

55. Denies the allegations asserted in paragraph "55" of the Complaint to the extent that the allegations are pled against Defendant Franco, but denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that the allegations are plead against defendant The City of New York or any unidentified John Doe defendants.

56. The "WHEREFORE" clause and each of its subparts are not averments of fact and therefore no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57 The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

58 Plaintiff claims are barred by the applicable Statute of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

59. The injuries and damages, if any, allegedly sustained by the Plaintiff were caused or contributed to by culpable conduct attributable to some other third person or persons over whom the answering defendant exercised and exercises no control, without any fault of negligence on the part of the answering defendant contributing thereto.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

60. Any award of punitive damages claimed by Plaintiff would violate THE Fifth, Eighth, and Fourteenth Amendments, as well as the Contracts Clause of the United States Constitution and the New York State Constitution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61. The answering defendant did not act wilfully or maliciously in disregard of Plaintiff constitutional rights, and Plaintiff is therefore not entitled to punitive damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

62. To the extent Plaintiff fails to state a claim under 42 USC sec. 1983 for alleged constitutional violations, or alleged violations of federal law, this Court should not exercise pendant jurisdiction over State or municipal claims.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

63. The answering defendant's actions, or omissions are not the proximate cause of the alleged injuries and damages.

## AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

64. The alleged damages and injuries, if any, were proximately caused by unforeseen superseding and/or intervening causes, and not by answering defendant's actions or omissions.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

65. The complaint is barred, in whole or in part, by the Eleventh Amendment of the United States Constitution.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS

66. The answering defendant denies that he is liable to Plaintiff under any theory of recovery, but if he is found legally responsible for the Plaintiff damages, it would be solely by reason of the acts and/or omissions of Co-Defendants City of New York and/or John Does "(1)-(3)". As such, the answering defendant is entitled to indemnity and contribution from said co-defendants.

67. The answering defendant demands apportionment of liability, indemnification, and judgment over and against Co-Defendants City of New York and/or Officer Bellavoix undercover P.O. 391 and John Does "(1)-(3)" for the full amount of the judgment rendered against answering defendant, or that part of the damages determined to be the result of said Co-defendants' acts and/or omissions.

### AS AND FOR A SECOND CROSS-CLAIM, AGAINST CO-DEFENDANT CITY OF NEW YORK

68. The Answering defendant was in the course of his employment at the time of the occurrence complained of in the plaintiff's Complaint. As such the doctrine of respondeat superior is applicable in the instant circumstances and the defendants' employer, the City of New York, is responsible for his defense, indemnity and all fees, costs and disbursements which arise as the result of the instant lawsuit. Additionally, as the result of the occurrence happening within the course of defendant's employment, any damages which follow therefrom are attributable to the City of New York, and a demand is hereby made for the City of New York to assume the defense of the defendant and pay all reasonable costs and expenses for defense and indemnity including reimbursement for any payments made by the defendant pursuant to defendants' policies of insurance which existed at the time of the occurrence.

69. **WHEREFORE**, defendant JOSEPH FRANCO respectfully requests Judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 21, 2020

                                                Tanner & Ortega, LLP
*Attorneys for Def. Franco*
299 Broadway, Suite 1700
New York, NY 10007
212-962-1333

By: *Hugo Ortega* /s/
Hugo Ortega, Esq.

Via ECF

To: Steven A. Hoffner, Esq.
    *Attorney for Plaintiff*
   325 Broadway, Suite 205
   New York, NY 10007

    James E. Johnson
    Corporation Counsel of the City of New York
    Attorneys for Defendants City of New York
    100 Church Street
    New York, NY 10007